UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STANLEY GENE DENHOF,

        Plaintiff,                      Case No. 1:15-cv-578

v.                                           Honorable Robert Holmes Bell

CHARLES V. COVELLO,

        Defendant.
_____/

**OPINION**

This is a civil action brought by a state prisoner, ostensibly pursuant to diversity of jurisdiction under 28 U.S.C. § 1332. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

**Factual Allegations**

Plaintiff Stanley G. Denhof presently is incarcerated at the Muskegon Correctional Facility. He sues attorney Charles V. Covello.

Plaintiff characterizes his action as a "Request for Transfer of Jurisdiction pursuant to Diversity of Citizenship." He seeks to transfer jurisdiction to this Court a case he filed in the Muskegon County Circuit Court, which subsequently was transferred to the Kent County Circuit Court. Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. He alleges that, when he was taken into custody on March 3, 2008, in Lauderdale County, Alabama and subsequently extradited to Kent County, Michigan, he was a resident of Alabama. He further alleges that Defendant Covello is a citizen of Michigan. Plaintiff contends that this Court has jurisdiction to hear any dispute between Plaintiff and Covello because they are citizens of different states and his claim exceeds $75,000.00.

According to the complaint, Plaintiff appears to have been represented by Defendant Covello in a proceeding in the Kent County Circuit Court to terminate his parental rights on the basis of his sexual abuse of his daughter. In May of 2008, Defendant received certain confidential documents as attorney for Plaintiff. Plaintiff alleges that the case concluded on August 22, 2008, and he contends that the judgment in the case terminated his attorney-client relationship with Defendant. Thereafter, Plaintiff apparently requested his legal file from Defendant. Defendant allegedly wrote to Plaintiff, saying that he had forwarded the legal file, but had withheld three confidential documents. Plaintiff complains that the letter was mailed to the jail, which was no longer Plaintiff's address. Plaintiff's sister apparently picked it up from the Kent County Correctional Facility with the rest of Plaintiff's property. The letter remained with the rest of the

materials in the corner of his sister's basement until June of 2011, when she began to go through the documents and discovered the letter. Plaintiff alleges that he repeatedly requested the documents, but counsel refused to provide them. On December 12, 2012, Defendant wrote to Plaintiff, indicating his intent to destroy the case file and to mail the withheld reports back to their originators.

Plaintiff alleges that Defendant violated his state-law ethical obligations as an attorney when he failed to provide Plaintiff with copies of the withheld documents. Plaintiff filed a complaint against Defendant in the Muskegon County Circuit Court on May 30, 2013. After a summary hearing in that court, the action was transferred to the Kent County Circuit Court. The Kent County Circuit Court allegedly refused to allow Plaintiff to appear, dismissed Plaintiff's motion to compel discovery, and granted summary judgment to Defendant because Plaintiff had failed to respond to the motion for summary judgment. Plaintiff alleges that he appealed and that the Michigan Court of Appeals overturned the decision on the grounds that the circuit court had failed to review the case file, which contained Plaintiff's response to the motion. The court of appeals remanded the action to the circuit court.[1] On March 18, 2015, the circuit court again refused to compel discovery and granted summary judgment to Defendant.

Plaintiff alleges that he filed a notice of appeal to the Michigan Court of Appeals on April 8, 2015, relying on the prison mailbox rule of MICH. CT. R. 7.204(A)(1)(e). Plaintiff claims that the court of appeals dismissed the appeal as untimely, stating that Michigan's prison mailbox

---

[1] The court of appeals held that, though it "fail[ed] to discern any merit to plaintiff's complaint," it reversed and remanded solely on the grounds that the trial court had based its decision to grant summary judgment on an inaccurate determination that Plaintiff had not filed a response to the motion. *See Denhof v. Covello*, No. 318331 (Mich. Ct. App. Jan. 15, 2015), http://publicdocs.courts.mi.gov:81/opinions/final/coa/20150115_c318331_60_318331.opn.pdf.

rule applied only to criminal, not civil, appeals. Plaintiff claims that he has filed a motion for reconsideration of the order, and he has filed a delayed application for leave to appeal.[2]

Plaintiff claims that he cannot obtain fair proceedings in the Kent County Circuit Court, and he asks this Court to exercise its diversity jurisdiction to transfer Plaintiff's state-court appeal to this Court.

## Discussion

### I.  Frivolousness

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's

---

[2]According to the electronic docket sheets of the Michigan Court of Appeals, Plaintiff filed an appeal of the dismissal of his action against Defendant Covello on April 10, 2015. *See Denhof v. Covello*, No. 326917 (Mich. Ct. App.) (http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=326917& CourtType_CaseNumber=2. That case remains pending. *Id.* Plaintiff apparently filed a second notice of appeal on April 15, 2015, which, as Plaintiff claims, was dismissed as untimely. *See Denhof v. Covello*, No. 326929 (Mich. Ct. App. Apr. 22, 2015) (docket #6), http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType= 1&CaseNumber=326929&CourtType_CaseNumber=2. Plaintiff filed a motion for reconsideration on May 4, 2015. *Id.*

assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99. An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

This Court is without jurisdiction to consider Plaintiff's request to transfer his state-court appeal to this Court. A loser in the state court may not be heard in the federal district court on complaints of injuries by a state-court judgment rendered before the federal proceeding commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The rule, known as the *Rooker-Feldman* doctrine, is based on the conclusion that 28 U.S.C. § 1257(a) vests exclusive authority to review final state-court decisions in the United State Supreme Court. *See Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 416.

In *Exxon*, the Supreme Court reiterated the narrow scope of the *Rooker-Feldman* doctrine, stating:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284. In the wake of *Exxon*, the Sixth Circuit has tightened the scope of *Rooker-Feldman*. *See, e.g., Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006) ("*Rooker Feldman* is a doctrine with only limited application."). The Sixth Circuit has distinguished between plaintiffs who bring an impermissible attack on a state court judgment, for which *Rooker-Feldman* applies, and plaintiffs who assert independent claims before the district court, for which *Rooker-Feldman* does not apply.

*See, e.g., Pittman v. Cuyahoga County Dep't of Children & Fam. Servs.*, 241 F. App'x 285 (6th Cir. 2007); *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *Todd v. Weltman, Weinberg, & Reis Co., L.P.A.*, 434 F.3d 432, 436-37 (6th Cir. 2006) (holding *Rooker-Feldman* not triggered because the plaintiff did not allege that he was injured by the state-court judgment, but instead filed an independent federal claim that he was injured by the defendant's filing of a false affidavit in the state-court proceeding). Since *Exxon*, the Sixth Circuit has held that the pertinent inquiry is the "source of the injury" upon which the plaintiff bases his federal claim:

> The inquiry [focuses on] the *source of the injury* the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick*, 451 F.3d at 393 (emphasis added); *see also Coles*, 448 F.3d at 858 (noting that we "have taken the Supreme Court's guidance on the application of *Rooker-Feldman* and applied the doctrine only when a plaintiff complains of injury from the state court judgment itself").

Here, Plaintiff unquestionably complains of injury from the state-court judgment. Plaintiff expressly asks this Court review the state court's dismissal of his action, because he believes that the state court is biased against him. Because Plaintiff seeks review of the state court's dismissal of his action, a claim over which this Court lacks jurisdiction, his action will be dismissed. A claim dismissed the basis of the *Rooker–Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01–5325, 2001 WL 1450704 (6th Cir. 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is Rooker–Feldman); *Carlock v. Williams*, No. 98–5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: June 18, 2015              /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE